[See Case No. 6,596.]

## Case No. 6,596.

HOLBROOK et al. v. SMALL.

SAME v. MATTHEWS et al.

[3 Ban. & A. 625;[1] 17 O. G. 55.]

Circuit Court, D. Massachusetts. Oct. 9, 1878.

PATENTS—INFRINGEMENT—ACCOUNTING—EXPENSES OF LITIGATION—INTEREST ON PROFITS.

1. In an accounting, no part of the expenses of the litigation should be assessed as damages, nor is interest to be added to the profits, except under peculiar circumstances.

2. The power conferred upon a court of equity, by section 4921 of the Revised Statutes, to treble the "damages" in a suit for infringement, does not authorize the court to treble the amount of "profits."

3. Where the clerk of the court taxed the costs in an equitable mode and by consent of both parties, neither party should be permitted to withdraw his consent upon the coming in of the master's report.

[Bills by Frederic Holbrook, trustee, and others, against Josiah B. Small, and against Elbridge G. Matthews and others, for infringement.]

John Hillis, for complainants.
Thomas L. Livermore, for defendants.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

LOWELL, District Judge. In each of these cases the first decree of the court found that one claim of one of the two patents relied on by the plaintiffs was void for want of novelty, and sustained certain other claims, and found infringement of these claims on the part of the defendants. [Case No. 6,595.]

The master, in each case, has assessed the profits made by the defendants by the use of the inventions held to be valid, but has found no damages as distinct from profits.

The complainants object that some part of the expenses of the litigation should be assessed as damages, and that interest should be assessed on the profits. Expenses of suit are never allowed. Philp v. Nock, 17 Wall. [84 U. S.] 460. Interest may sometimes be added to the profits, but only under peculiar circumstances, which the master does not find in this case. Mowry v. Whitney, 14 Wall. [81 U. S.] 620; Littlefield v. Perry, 21 Wall. [88 U. S.] 205.

The complainants ask that the court will treble the damages, under the power given in section 55 of the statute of 1870 [16 Stat. 206], now Rev. St. § 4921; but it seems clear that the law contrasts profits and damages throughout that and the preceding sections and that the power to treble the damages does not extend to profits in a suit in equity. It is true that under some circumstances a jury may consider the profits in ascertaining the damages when no better means are at hand, and so it may incidentally happen that in increasing the damages the court is adding to the profits; but profits are never, of themselves, the measure of damages at law. And in the section cited the court may increase damages as distinguished from profits. The increase is never to exceed three times the amount of the verdict (Rev. St. § 4919), and the verdict is to be for the actual damages. The master finds that there were no actual damages in either of these cases; and it is impossible for the court to make a substantial verdict by multiplying nothing by three or less.

In respect to costs, the law is that, if by mistake the patentee claims to have invented some substantial part of the thing patented, of which he was not the original and first inventor, and that part is distinguishable from the rest, and the good part has been infringed, he may recover damages for such infringement, but no costs. Rev. St. § 4922. In each of these cases the clerk, by consent of parties, taxed costs for the plaintiffs and deducted from the gross taxation so much of the expense as he found had been caused by taking evidence on the claim afterward declared by the court to be void. The plaintiffs contend that the above-cited section of the statute does not apply to these cases because they have prevailed on two patents, one of which was wholly valid. The defendants contend that, by appealing to the court, the plaintiffs have renounced the agreement, and that the law deprives

them of costs altogether. The clerk has taxed the costs in an equitable mode, and by consent; and I see no reason for permitting either party to withdraw the consent. Master's report and clerk's taxation, in each case, affirmed.